FILED
SUPERIOR COURT
OF GUAM

2024 JUL 24 PM 5: 11

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE A.B. WON PAT INTERNATIONAL AIRPORT AUTHORITY, GUAM.<br><br>Plaintiff,<br><br>vs.<br><br>DFS GUAM L.P.,<br><br>Defendants. | CIVIL CASE NO. CV0371-16<br>(Consolidated with CV0595-16 and SP0128-16)<br><br>**DECISION AND ORDER**<br>*Re: GIAA's Motion to Stay Judgment Pending Resolution of Remaining Claims Pursuant to GRCP Rule 62(h)* |

This matter came before the Honorable Arthur R. Barcinas on April 26, 2024, for a motion hearing on Plaintiff A.B. Won Pat International Airport Authority, Guam's ("GIAA") Motion to Stay Judgment Pending Resolution of Remaining Claims Pursuant to GRCP Rule 62(h) ("Motion"). Present at the hearing were Attorneys Christian Calvo and Genevieve Rapadas on behalf of GIAA, and Attorneys Zathrina Perez and Dean Manglona on behalf of Defendant DFS Guam L.P. ("DFS").

Having considered the arguments, pleadings, and applicable law, the Court hereby **DENIES** the motion to stay.

## BACKGROUND

On November 6, 2002, the parties signed a leasing agreement for commercial space at the airport called the Main Concession Agreement, and this agreement covered the "main retail concession area" within the airport. One of the terms of the Main Concession Agreement was

that DFS would post a $3,375,000 faithful performance bond. DFS originally satisfied the bond through two instruments: first, DFS obtained a standby letter of credit from HSBC Bank worth $2 million; then DFS received a surety bond issued by Travelers for $1,375,000. On September 12, 2005, DFS replaced the letter of credit from HSB with one from Citibank in the same amount of $2 million ("LOC").

Shortly after replacing the LOC, DFS entered into another agreement with GIAA, called the Mama Bear Agreement. The Mama Bear Agreement constituted a separate leasing agreement, covered a different space at the airport, and resulted from a separate request for proposal from GIAA and separate negotiations from the Main Concession Agreement. Most notably, the Mama Bear Agreement's terms stipulated only a $250,000 faithful performance bond.

DFS proposed releasing its surety bond with Travelers and satisfying both faithful performance requirements through the LOC with Citibank, increasing the LOC by $1,625,000 for a total of $3,625,000, which would cover the $1,375,000 covered by the original Travelers surety bond as well as the additional $250,000 requirement under the Mama Bear agreement. GIAA agreed, and the LOC was amended to included $3,625,000 and refer to both agreements.

Both contracts contained "evergreen" provisions, requiring that, in the event of a drawdown of the faithful performance bond by GIAA, DFS would be responsible for replenishing the original amount of the bond. Under these provisions, DFS was afforded ten (10) days to secure the necessary funding to replenish the bond.

The agreements also differed significantly in how they addressed dispute resolution, in that the Main Concession Agreement required the parties to go through arbitration in the event

of a dispute, and the Mama Bear Agreement provided that any dispute would be handled by the courts of Guam.

In 2013, GIAA alleged DFS had violated the Mama Bear Agreement, demanding that Citibank pay out $2,104,582.99 for the damages it had suffered. Citibank eventually did so by drawing on the letter of credit. GIAA did not ever allege that DFS had violated the Main Concession Agreement, only the Mama Bear Agreement.

DFS disputed that it had violated the Mama Bear Agreement, and argued that GIAA had violated the Main Concession Agreement by drawing down on funds reserved for the Main Concession Agreement when there was no alleged violation of that contract.

On December 4, 2014, DFS filed an administrative claim against GIAA pursuant to the Government Claims Act, arguing that DFS had not violated the Mama Bear Agreement. On the same date, it filed to begin arbitration proceedings against GIAA, arguing that the drawdown on the LOC violated the Main Concession Agreement.

On May 6, 2016, arbitrators awarded DFS $1,854,582.88, plus interest, attorney's fees and costs ("Arbitration Award").

On May 9, 2016, GIAA filed a Complaint to Vacate Arbitration Award and for Declaration that Plaintiff is Entitled to Offset, beginning the instant case; GIAA sought declaratory relief ordering that any amount DFS was entitled to recover under the Arbitration Award would be offset by the $2,104,582.88 that DFS allegedly owed to GIAA for its holdover in the Mama Bear space.

On July 25, 2016, DFS filed an application seeking to confirm the Arbitration Award, and requesting either $250,000 or $2,104,582.88 in total damages, depending on whether the Arbitration Award was confirmed. DFS argued that, in either case, it sought the $250,000 drawn

down by GIAA, but that if the Arbitration Award was vacated, then it would also seek the $1,854,582.88 as damages, for a total of $2,104,582.88.

On September 23, 2016, GIAA filed an answer and counterclaim for declaratory relief, seeking a declaration that under the parties' prior contract, the Mama Bear Agreement ("MBA"), GIAA was entitled to double rent as a result of DFS's holdover on the Mama Bear premises.

On September 27, 2018, the Court heard DFS's application to confirm and GIAA's motion to vacate. On December 26, 2018, the Court issued an order granting DFS's application to confirm, denying GIAA's motion to vacate, and confirming the Arbitration Award.

On April 3, 2019, the Court issued a Judgment; on September 9, 2021, the Court issued an Amended Judgment to correct a clerical error, and on September 15, 2021, the Court entered the Judgment.

On August 7, 2023, the Guam Supreme Court affirmed the Amended Judgment after an appeal by GIAA.

On September 22, 2023, GIAA filed a Motion for Summary Judgment in conjunction with the instant Motion. In the instant Motion, GIAA moved for an order staying enforcement of the Amended Judgment pending resolution of the claims for breach of contract set forth in DFS's complaint filed on July 25, 2016 in CV0595-16, GIAA's counterclaim for declaratory relief filed September 23, 2016 in the same action, and GIAA's claim for declaratory relief regarding offset in CV0371-16. In seeking the order, GIAA argued that:

- The Court has the discretion to stay execution of the Amended Judgment pending resolution of the remaining claims in this matter;

- This lawsuit involves the same sum of money at issue in the Amended Judgment; and

- The remaining claims should be resolved on summary judgment without further delay.

On October 20, 2023, DFS filed an opposition, in which it argued that:

- a stay of enforcement of the judgment is not allowed or warranted because GIAA is not entitled to offset, which is the only asserted reason for the stay; Rule 62(h) does not apply because a Rule 54(b) judgment was not issued; and there are no grounds warranting a stay of enforcement of the judgement and DFS will be prejudiced if it is denied the right to enforce the judgment immediately;

- the Main Agreement and Mama Bear disputes are entirely separate; and

- GIAA is not entitled to summary judgment on its claims under the Mama Bear Agreement.

On November 3, 2023, GIAA filed a Reply, arguing that:

- GIAA has committed to pay the Arbitration Judgment and offered to resolve the remaining issues in this matter;

- as a practical matter, a judgement in GIAA's favor will necessarily offset the Arbitration Judgment;

- as the Supreme Court recognized, the Main Agreement and Mama Bear disputes involve the same funds; and

- the Arbitration Judgment does not fully resolve this action.

On April 26, 2024, the Court took the matter under advisement.

## DISCUSSION

Pursuant to GRCP 62(h), GIAA moves for an order staying enforcement of the Amended Judgment entered by the Court on September 15, 2023, "pending resolution of the claims for breach of contract set forth in DFS's complaint filed on July 25, 2016 in CV0595-16, arising

from DFS's Government Claim, and GIAA's counterclaims for declaratory relief filed September 23, 2016 in the same action, as well as GIAA's claim for declaratory relief regarding offset in CV0371-16." Mot., at 2.

GRCP Rule 62(h), which governs a stay of judgment as to multiple claims or multiple parties, states that:

> When a court has ordered a final judgment under the conditions stated in Rule 54(b), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments, and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered.

Guam R. Civ. P. 62(h). Additionally, GRCP 54(b), which governs judgment upon multiple claims or involving multiple parties, states that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Guam R. Civ. P. 54(b).

I.    **The Court finds no basis for offset, and thus no reason to stay enforcement.**

GIAA argues that, if the Court's judgment resolves fewer than all claims presented, then GRCP 62(h) allows the Court to stay execution of a 54(b) final judgment in this matter, pending resolution of any remaining claims that may offset the judgment. Mot., at 5. GIAA further states

that "in a case involving multiple claims or parties, it is appropriate under Rule 62(h) to stay execution of a 'final judgment' that resolves fewer than all of the claims presented pending resolution of any remaining claims that may potentially offset the judgment." *Id.* (citing, *inter alia, Vehicle Serv. Grp., LLC v. Auto Equip Co. Inc.,* 838 F.Supp.2d 842, 948-49 (S.D. Ind. 2011)). DFS argues that no stay is allowed or warranted in this case, presenting three arguments that the Court will address in turn.

a. <u>GIAA is not entitled to offset because the pending claims remain in dispute.</u>

First, DFS argues that GIAA is not entitled to offset because the offset is the only asserted reason for the stay, and the Guam Supreme Court has held that "contingent claims – claims that have not yet accrued and depend on some future event that may never happen – cannot be the subject of [offsets]." Mot., at 6 (quoting *Waathdad v. Cyfred, Ltd,* 2021 Guam 24 ¶ 21. DFS argues that offset is an equitable doctrine based on liquidated claims that have matured and are "presently enforceable". *Id.* DFS asserts that *Waathdad* is dispositive because that case involved plaintiffs who sought to offset monies owed to the defendant with attorney's fees that they claimed the defendant owed them in a separate litigation, and in that case, the Supreme Court refused to allow the offset on the grounds that the validity of the alleged setoff was contingent on the outcome of the pending separate litigation. *Id.* (citing *Waathdad,* 2021 Guam 24 ¶ 24). DFS argues that GIAA's claim for offset in the instant case is "concededly contingent on the outcome of GIAA's pending breach of contract claim asserted in the Government Claims Act action (CV0595-16), which GIAA concedes remains unresolved." *Id.*

Per *Waathdad,* "[s]etoff or offset is a doctrine grounded in equity requiring that the demands of mutually indebted parties be set off against each other and that only the balance be

recovered in a judicial proceeding by one party against the other." 2021 Guam 24 ¶ 18.[1] "[A] claim for setoff must be liquidated, meaning it can be precisely determined by operation of law or by the terms of the parties' agreement or has been determined in a judicial proceeding." *Id.* "A contingent or unmatured obligation which is not presently enforceable cannot be the subject of set-off." *Id.* ¶ 21.

Further, contingency aside, *Waathdad* also states that, "[b]y the weight of modern authority, ... *a disputed counterclaim or setoff is sufficient to render an entire transaction 'unliquidated'." Id.* ¶ 20 (emphasis added); *see also Teledyne Mid-America Corp. v. HOH Corp.,* 486 F.2d 987, 992 (9th Cir. 1973) (holding that where a dispute exists between the parties as to the validity of a claim, that dispute is sufficient to render the entire transaction "unliquidated"). GIAA has expressly stated in its motion that part of its claim is predicated on the unresolved counterclaim seeking double rent for DFS's holdover, and that said counterclaim remains in dispute. Mot., at 4. Under *Waathdad,* this disputed counterclaim renders "unliquidated" any transaction involving it, which would include the entire Government Claims Action. 2021 Guam 24 ¶ 20. GIAA states that "the pending claims involve the same transaction or series of transactions as the claim for which the [Amended Judgment] was issued." Mot., at 5. "Because only DFS's Government Claim can resolve who is entitled to the disputed holdover rent, the rightful holder of the principal amount remains unresolved." *Id.,* at 4. Because the dispute remains unresolved, *Waathdad* dictates that the entire transaction be considered unliquidated, and thus invalid. "A possible but unestablished liability, unliquidated in amount, may not be pleaded as an offset to a liquidated claim that is due and payable." *Waathdad,* 2021 Guam 24 ¶ 21.

---

[1] The Supreme Court in *Waathdad* uses "offset" and "setoff" as identical, interchangeable terms, and the Court conducts its analysis under that same reasoning. 2021 Guam 24 ¶ 18.

Upon consideration of the motions, arguments, and relevant law, the Court concludes that, under GIAA's theory that all claims in the consolidated actions arise from the same transaction, no funds from pending claims in this matter may serve as the basis of an offset because the dispute of any part of the consolidated claims would render the entire matter unliquidated. "Without a recognized exception or statute to the contrary, 'as a general rule ... unliquidated damages cannot be the subject of set-off.'" *Waathdad*, 2021 Guam 24 ¶ 20 (citing *Winder v. Caldwell*, 55 U.S. 434, 443 (1852)).

In its Reply, GIAA further argues that *Waathdad* is inapposite to this case because "*Waathdad* did not involve a motion to stay a judgment pending resolution of related claims in the same lawsuit or a consolidated lawsuit, which is the situation before the Court. Rather, it involved a motion for summary judgment on the merits of an offset claim." Reply, at 3 (citing *Waathdad*, 2021 Guam 24 ¶¶ 18-25. However, while the facts of *Waathdad* may not be exactly on point to the facts of this case, its passages regarding offset claims apply generally, not specifically in the context of summary judgment. Thus, the Court finds that the precedent established in *Waathdad* controls in this instance.

GIAA further argues that, in the Government Claims Action, its counter-claim "is not seeking an offset but is seeking declaratory relief that it was entitled to the unpaid rent as a result of DFS's holdover in the amount of $2,104,582,582.88 and that GIAA was entitled to draw down $250,000 as partial payment of those outstanding funds." Reply, at 2-3. However, the practical effect of granting declaratory relief on GIAA's entitlement to withdraw $250,000 from the pool of funds disputed by the parties would be constructively granting an offset.

At the hearing on April 26, 2024, the parties stipulated that the principal owed to DFS under the Arbitration Judgment had been paid, though DFS argues that the only funds from the GIAA

drawdown remaining in dispute is the $250,000 that GIAA drew down under the Mama Bear Agreement, and GIAA argues that the amount in dispute is higher. In either case, however, it does not sufficiently establish to the Court that a stay is necessary in order to adjudicate who is entitled to the amount remaining in dispute.

b. <u>GRCP 62(h) does not apply because the Court's Judgment denying the Motion to Vacate Award was not issued under the conditions stated in GRCP 54(b).</u>

Second, DFS argues that GRCP 62(h) does not apply to the instant matter because a GRCP 54(b) judgment was not issued. According to DFS, 62(h) "expressly applies only when a judgment has been issued under Rule 54(b)." Opp., at 7. DFS asserts that "[i]t cannot be genuinely disputed that there was no Rule 54(b) judgment issued in this case" and "no Rule 54(b) certification" in the Judgment. *Id.* at 7.

GIAA argues that the parties' agreement that Rule 54(b) certification was not necessary to appeal the Arbitration Judgment "does not change the fact that this is a consolidated action with substantial substantive claims that remain unresolved and involve the same funds at issue in the Arbitration Judgment." Reply, at 6. GIAA further argues that the Court has discretion to stay a judgment "where remaining claims concerning the same sum of money are still pending." *Id.* (citing *Hartford Acc. & Indem. Co. v. Boise Cascade Corp.*, 489 F.Supp. 855, 859-60 (N.D. Ill. 1980)). GIAA further cites 3 *Motions in Federal Court* § 9:91, for the proposition that "[t]he purpose of a partial stay under Rule 62(h) is to preserve the status quo pending disposition of other claims, counterclaims, cross-claims, or third-party claims for relief in the same action."

The Court finds that GRCP 62(h) does not apply in this case. The Guam Supreme Court found on interlocutory appeal of this Court's previous Judgment that it would hear GIAA's appeal because "appeals should be allowed in consolidated cases when there is a final,

appealable result in at least one of the cases." *GIAA*, 2023 Guam 7 ¶ 17. However, the Court does not find that this in any way abrogates the 62(h) requirement that a court may stay enforcement of a final judgment only if that court ordered that final judgment "under the conditions stated in Rule 54(b)." Guam R. Civ. P. 62(h). The conditions under GRCP 54(b) indicate that the Court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Guam R. Civ. P. 54(b). In its Judgment, the Court did not make any express determination that there is no just reason for delay, nor any express direction for the entry of judgment. Accordingly, the Court finds that it is not able to stay the proceedings under GRCP 62(h), because the Judgment did not meet the above conditions stated in GRCP 54(b).

c.  <u>The Court does not find that DFS would be prejudiced if denied the right to enforce the Judgment immediately, but does find that there are no grounds warranting a stay of enforcement of the Judgment.</u>

Third, DFS argues that there are no grounds warranting a stay of enforcement of the Judgment, and that DFS will be prejudiced if it is denied the right to enforce the Judgment immediately. Opp., at 9. DFS again splits this argument into three sub-arguments, arguing that:

- (1) GIAA's request comes too late and its request is now waived;

- (2) GIAA has not identified any need justifying a stay of judgment; and

- (3) ordering a stay of enforcement of the Judgment would effectively undermine the "strong policy favoring arbitration" in Guam.

The Court will address each of these arguments in turn. First, DFS asserts that GIAA's request comes too late and its request is now waived. DFS states that GIAA cites five cases to support its argument that a stay of enforcement under GRCP 62(h) is appropriate pending

resolution of any remaining claims that may potentially offset the judgment. Opp., at 9 (citing Mot., at 4). DFS argues that one court denied the stay, and in the other four cases, each trial court ruled on their respective motions to stay concurrently with a decision certifying their judgments as final under Rule 54(b). *Id.*, at 9-10 (citing *Robbins Flooring, Inc. v. Fed. Floors, Inc.* 445 F.Supp. 4, 13-14 (E.D. Pa. 1977); *Boise Cascade Corp.*, 489 F.Supp. 855, 860 (N.D. Ill. 1980). DFS further argues that, in each of the four cases where the stay was granted, the stay was imposed while trial proceedings went on, but in this case, GIAA immediately took the Judgment up on appeal, obstructing itself by effectively delaying the resolution of GIAA's pending claims. *Id.*, at 10.

GIAA argues that it was not necessary for. GIAA to seek a discretionary stay of the Judgment under GRCP 62(h) pending the appeal because GIAA allegedly would have been entitled to the stay as a matter of right under a combination of GRCP 62(d) and (e). The Court is not convinced of GIAA's argument. Under 62(d), when an appeal is taken, the appellant may obtain a stay by giving a supersedeas bond. Guam R. Civ. P. 62(2). "[T]he bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal," but the stay only becomes effective "when supersedeas bond is approved by the court." *Id.* Under 62(e), "[w]hen an appeal is taken by the Government of Guam or an officer or agency thereof or by direction of any department of the Government of Guam and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant." Guam R. Civ. P. 62(e). The Guam Supreme Court has not offered guidance on this matter, but the Court finds that GRCP 62(d) and (e) cannot function in tandem to give government agencies an automatic stay every time they take a matter up on appeal. GRCP 62(e) dictates that relief from the security requirement for a stay only becomes active when "the

operation or enforcement of the judgment is stayed." GRCP 62(d), in contrast, states that the stay only becomes effective when the supersedeas bond is approved. The Court thus finds that, unless a stay is originally granted by the Court pursuant to another provision of GRPC 62, GIAA would still be required to give a supersedeas bond and have it approved by the Court before it could obtain a stay under GRCP 62(d).

Second, DFS argues that GIAA has not identified any need justifying a stay of enforcement. DFS asserts that, to obtain a stay of judgment under GRCP 64(h), GIAA must indicate some equitable reason or other need supporting the stay to enable the court to "balance the equities" in determining whether a stay of enforcement is warranted. Opp., at 10. (citing *Computech Intern., Inc. v. Compaq Computer Corp.*, 59 Fed. R. Serv. 3d 968, 2004 WL 2291496, at *5 (S.D.N.Y. 2004); *JHNY Corp. v. Dana Corp.*, No. 2:05-CV-02829-LDD, 2006 WL 8459413, at *1-2 (E.D. Pa., Feb 8, 2006)). In the above cases, particularly *JHNY*, which DFS argues that much of GIAA's argument relies upon, the Court's decision to stay the judgment turned upon whether immediate enforcement would affect or be affected by the parties' solvency or lack thereof. *Id.*, at 11. DFS asserts that, rather than presenting any equitable reason for the stay, GIAA "merely points to the fact that it wants its Mama Bear claims decided first, so that, if it is successful, it can use those claims to offset the Judgment because they 'involve the same sum of money.'" *Id.* (quoting Mot., at 4). DFS further asserts that GIAA has not pointed out any potential insolvency to either of the parties, but has instead stated that "the government has the 'unquestionable ability to pay the judgment.'" *Id.* (quoting Mot., at 4, n.1).

In its Reply, GIAA responds that "[w]hile GIAA has committed to making payments pursuant to the Arbitration Judgment and the law presumes that government agencies are able to satisfy monetary judgments," requiring GIAA to pay millions of dollars would drastically affect

GIAA's operations, and DFS "has provided no assurances that it would be able to return the sums of money in the event GIAA prevails on its claims." Reply, at 7. Again, the Court is not convinced, as GIAA has not provided the Court with any basis to suspect that DFS might become insolvent, particularly in light of GIAA's payment of the principal due under the Arbitration Judgment.

Third, DFS argues that ordering a stay of enforcement of the Judgment would effectively undermine the "strong policy favoring arbitration" in Guam, because it would negate the efficiency and speed of the results already reached through arbitration by staying the outcome until all other non-arbitrated claims are complete. *Id.* (citing *Guam YTK Corp. v. Port Auth. of Guam*, 2014 Guam 7 ¶ 24; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011)). DFS argues that, because the remaining claims were raised under a separate agreement not subject to arbitration, they are not appropriately brought in proceedings to confirm or vacate an arbitration award, as that would inject unnecessary litigation into a proceeding that is intended to be efficient and streamlined. *Id.*, at 12.

In the Reply, GIAA argues that it is not challenging the validity of the Arbitration Judgment, but "there are still remaining claims in this very action that have not been resolved by the Arbitration Judgment and that involve the parties' substantive rights as to the same funds at issue in the Arbitration Judgment." Upon consideration of the arguments, the Court finds that, with the principal amount of the Arbitration Judgment paid, there is no real threat of prejudice to DFS. DFS claims that only the $250,000 Mama Bear drawdown remains in dispute, and the Court does not find any prejudice to DFS resulting from that sum remaining in contention. Because that $250,000 is currently in the possession of GIAA, if DFS loses, it will only ever lose $250,000 no matter how protracted the litigation becomes. In contrast, if DFS prevails, it will

gain additional interest accrued over the course of the litigation. Despite the lack of prejudice to DFS, however, the Court does find that, with the matter of the Arbitration Award resolved, the only funds at issue are those in the Mama Bear Agreement, and the funds remaining in dispute cannot give rise to an offset that would merit a stay, for the reasons stated herein.

**II.     GIAA argues that the lawsuit involves the same sum of money at issue in the Amended Judgment.**

GIAA argues that a stay of the Amended Judgment is warranted under GRCP 62(h), "[g]iven the substantial offset that will result from a judgment in GIAA's favor of the remaining claims ... which involve the same sum of money and transaction as the Arbitration Action." Mot., at 5. DFS argues that the Main Agreement and Mama Bear disputes are entirely separate, and do not involve the "same funds." Opp., at 13. DFS asserts that the Guam Supreme Court has held that "[t]hough the funds involved in the Arbitration Actions and the Government Claims Actions may be the same, the rights to the funds involved in the Arbitration Action and the Government Claims Action may be the same, the rights to the funds involve two separate and distinct contracts." *Id.* (citing *GIAA v. DFS*, 2023 Guam 7 ¶ 39.

In deciding whether relevant claims arise from the same transaction for offset purposes, a trial court may apply the "logical relationship" test outlined by the U.S. Supreme Court. *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1402 (9th Cir. 1996) (citing *Moore v. New York Cotton Exchange*, 270 U.S. 593 (1926). "In *Moore*, the Court stated that '[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Accordingly, the Court finds that, while it agrees with the Guam Supreme Court that the *rights* to the funds themselves are separate and distinct, it also agrees with GIAA that all claims in this matter arise from a single transaction involving the LOC. The Court finds that this remains true even though

GIAA has paid the amount under the Arbitration Award, as GIAA has continued to contend that the holdover rent and the drawdown are effectively part of the same funds and the same transaction. Hearing Tr., 11:30:00 (April 26, 2024).

However, because the Court finds that all of the claims in these consolidated actions arise from the same transaction, GIAA's offset claim fails as a matter of law because the Guam Supreme Court has held that a mutual debt and claim in an offset cannot arise from the same transaction. "Unlike the doctrine of recoupment, under which debts between two parties arise out of the same transaction, 'in setoff, the mutual debts arise from different transactions." *Waathdad*, 2021 Guam 24 ¶ 19. "The defining characteristic of setoff is that the mutual debt and claim ... are generally those arising from *different* transactions." *Id.* As noted above, the Supreme Court uses "offset" and "setoff" as identical, interchangeable terms in its reasoning. *See, e.g., id.,* at ¶ 18 ("Setoff or offset is a doctrine grounded in equity..."). Thus, because GIAA asserts as a matter of fact that the offset sought will involve the same sum of money and transaction as the Arbitration Action, then the mutual debt and claim would arise from the same transaction, and the Court could not stay these proceedings predicated on the possibility of an offset, because no offset would be possible.

### III.    The Court will not take GIAA's Motion for Summary Judgment into consideration in this Motion.

GIAA argues that a stay of the Amended Judgment would be favored because "there should not be an undue delay in resolving the remaining claims." Mot., at 6. DFS argues GIAA is not entitled to summary judgment on its claims under the Mama Bear Agreement. In both instances, the Court will refrain from addressing the arguments in this Order, as the Court is already deliberating on this matter.

Accordingly, there being no basis for offset, and thus no reason for delay, the Court **DENIES** the Motion to Stay.

**CONCLUSION**

Based on the foregoing, the Court hereby **DENIES** the Motion to Stay.

**IT IS SO ORDERED** _____JUL 2 4 2024_____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SF ⋯ ⋯ VIA EMAIL
I ackⁿ⋯ ⋯ that an electronic
copy of the original was e-mailed to:

CALVO FISHER RANHEIMAN
CIVILLE & TANG
JUL 2 4 2024  Date: ____ Time: 5:40 pm
Edna M. Nego
Deputy Clerk, Superior Court of Guam